UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SCOTT MACARTHUR,

          Plaintiff,                                  Hon. Janet T. Neff

v.                                           Case No. 1:18 CV 1274

CASE CREDIT UNION, et al.,

          Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff initiated this action on November 13, 2018, against Case Credit Union and Alyssa MacArthur alleging wrongful conversion of $17,760.66.   Because Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

## BACKGROUND

Plaintiff initiated this action on November 13, 2018.   (ECF No. 1).   The following allegations are contained in Plaintiff's complaint.   On December 11, 2017, a state probate court awarded Plaintiff $17,760.66.   At the time, however, Plaintiff was a prisoner in the custody of the Tennessee Department of Corrections.   Plaintiff assigned to his daughter, Alyssa MacArthur, durable power of attorney "to sign the check and deposit the funds into a savings account at Case Credit Union."   However, Alyssa MacArthur did not deposit the funds into a joint account with Plaintiff, but instead deposited the funds into an account she alone controlled.

Alyssa MacArthur thereafter withdrew "well over $7,000" of the funds in question without Plaintiff's permission. Case Credit Union subsequently refused Plaintiff's requests to replace Alyssa MacArthur with Plaintiff as owner of the account in which the remaining funds are located. Plaintiff initiated the present action seeking damages in the amount of $75,000 from Alyssa MacArthur and $500,000 from Case Credit Union.

Plaintiff previously asserted these claims in an action initiated in the United States District Court for the Eastern District of Tennessee. On May 22, 2018, Plaintiff initiated an action in that court against the same two defendants alleging the exact same claims. *MacArthur v. Case Credit Union*, Case No. 3:18-cv-207 (E.D. Tenn.). On September 4, 2018, the Honorable Debra C. Poplin recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction. *MacArthur v. Case Credit Union*, Case No. 3:18-cv-207, ECF No. 20 (E.D. Tenn.). Specifically, Judge Poplin concluded that Plaintiff had neither stated a claim under federal law nor satisfied the amount in controversy requirement necessary to maintain a diversity action. *Id.* This recommendation was adopted by the Honorable Curtis Collier on October 2, 2018. *MacArthur v. Case Credit Union*, Case No. 3:18-cv-207, ECF No. 23 (E.D. Tenn.). Less than six weeks later, Plaintiff initiated the present action in this Court.

## ANALYSIS

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States" as well as actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331, 1332. Moreover, the Court has the obligation to address issues of subject matter jurisdiction *sua sponte*. *See, e.g., Answers in Genesis of Kentucky, Inc. v. Creation Ministries*

*Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*").

Plaintiff has not identified any federal law, statute, or right that has been infringed or violated by Defendants' alleged conduct.  Moreover, the Court discerns no federal law claim based upon the facts alleged by Plaintiff.  Instead, Plaintiff's allegations merely articulate a routine state law conversion claim.  Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim arising under federal law.

As for whether the exercise of diversity jurisdiction is proper in this matter, while there appears to be complete diversity between the parties, the Court finds that Plaintiff's claims do not satisfy the amount in controversy requirement.  Plaintiff alleges that Defendants have converted less than $18,000.  Michigan law recognizes a common law cause of action for conversion of money.  *See, e.g., Burg v. Burg*, 2009 WL 2951282 at *5 (Mich. Ct. App., Sept. 15, 2009).  Under Michigan law, the measure of damages in a conversion action is the market value of the property in question as of the time of conversion.  *See, e.g., Embrey v. Weissman*, 253 N.W.2d 687, 690 (Mich. Ct. App. 1977).  Damages also include interest from the date of conversion.  *See, e.g., Thomas v. Mussog*, 2008 WL 1991718 at *1 (Mich. Ct. App., May 8, 2008). These amounts do not come close to approaching $75,000 in damages.

Plaintiff attempts to avoid this conclusion by asserting that he is seeking $75,000 in damages from Alyssa MacArthur and $500,000 in damages from Case Credit Union.  Plaintiff offers no rationale for these alleged damages, however.  While such may constitute an attempt to recover punitive damages, such damages are allowed under Michigan law only where expressly authorized by statute.  *See Casey v. Auto Owners Ins. Co.*, 729 N.W.2d 277, 286 (Mich. Ct. App. 2006).  Under Michigan law, in certain conversion claims a plaintiff may recover "3 times the

amount of actual damages sustained." *See* Mich. Comp. Laws § 600.2919a.   Damages awarded

under this statute are considered punitive damages. *See Stockbridge Capital, LLC v. Watcke*,

2014 WL 860353 at *3 (Mich. Ct. App., Mar. 4, 2014).   However, even if the Court assumes that

Plaintiff were able to demonstrate entitlement to treble damages, such would still not satisfy the

amount in controversy requirement.   The Court concludes, therefore, that Plaintiff has failed to

properly invoke the Court's diversity jurisdiction. *See, e.g., Charvat v. GVN Michigan, Inc.*, 561

F.3d 623, 628 (6th Cir. 2009) (where damages recoverable under state law are less than $75,000

dismissal on jurisdictional grounds is appropriate).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this matter be

dismissed without prejudice on the ground that this Court lacks subject matter jurisdiction.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: January 10, 2019                          /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge